J. S33005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH GEORGE DOLENTE, | : | No. 3275 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 30, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0003886-2014

BEFORE:  FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED JUNE 17, 2015**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Delaware County following appellant's conviction of simple assault and harassment.  Appointed counsel, Patrick J. Connors, Esq., has filed a petition to withdraw, alleging that the appeal is wholly frivolous, accompanied by an **Anders** brief.[1]  We grant counsel's withdrawal petition and affirm.

The facts giving rise to this matter are as follows.  On May 13, 2014, at approximately 10:00 p.m., appellant's wife and two of their daughters returned home after having dinner out.  (Notes of testimony, 9/30/14 at 12.)  When they arrived, they found appellant sitting on a couch in the living

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

room, drunk and agitated. (*Id.*) Appellant yelled and cursed at his wife and daughters, and they immediately went to wife's bedroom on the second floor and closed the door. (*Id.* at 13-14.) Appellant followed and flung the bedroom door open so hard it smashed a hole in the wall. (*Id.* at 14-15.) Appellant proceeded to throw everything that was on the dressers, as well as clothes, all over the bedroom while he continued to scream at his wife and daughters. (*Id.* at 15-16.)

Wife testified she had a brass headboard and footboard that were leaning against her new bed. (*Id.* at 15.) Appellant picked up a brass footboard and threw it at his wife and daughters, who were on the bed. (*Id.* at 15-17.) The footboard hit all three. (*Id.* at 19.) The leg of the brass footboard hit appellant's wife's right ankle which caused the ankle to swell immediately. (*Id.* at 19-20.) Wife testified she experienced pain, and it felt like "somebody kicked me with steel tipped boots on." (*Id.* at 20.) During this episode, one of appellant's daughters telephoned the police. (*Id.* at 21.) The police arrived within minutes of the call and arrested appellant. (*Id.* at 28.)

Following a bench trial on September 30, 2014, appellant was found guilty of simple assault along with the summary offense of harassment. Appellant was sentenced to two years of probation. A timely notice of appeal was filed on October 27, 2014. In response to the trial court's order to file a statement of errors complained of on appeal, appellant's counsel

filed a statement of intent to file an ***Anders*** brief under Pa.R.A.P. 1925(c)(4).[2] Consequently, the trial court declined to issue a Pa.R.A.P. 1925(a) opinion and had the record certified for transmittal to this court.

On February 26, 2015, appellant's counsel filed in this court a motion to withdraw as counsel and an ***Anders*** brief, wherein counsel states there are no non-frivolous issues preserved for our review. "When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa.Super. 2010), citing ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (***en banc***) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to ***Anders***, certain requirements must be met, and counsel must:

---

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [***Anders***] brief in lieu of filing a Statement. If, upon review of the [***Anders***] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.***, quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Our review of Attorney Connors's application to withdraw, supporting documentation, and ***Anders*** brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed ***pro se***, or raise any additional points that he deems worthy of this court's attention, and attached to the ***Anders*** petition a copy of the letter sent to appellant as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa.Super. 2005). ***See Daniels***, 999 A.2d at 594 ("While the Supreme Court in ***Santiago*** set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent."). As Attorney Connors has complied with all of the requirements set forth

above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

Instantly, appellant testified he picked up the ten pound footboard, and when he went to throw it down, it bounced and then made contact with the lower part of his wife's foot. (Notes of testimony, 9/30/14 at 64-65.) Appellant claimed it was an accident. (**Id.** at 67.) Appellant's contention will not afford him any relief.

In reviewing a challenge to the sufficiency of the evidence, we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Bibbs**, 970 A.2d 440, 445 (Pa.Super. 2009), **appeal denied**, 982 A.2d 1227 (Pa. 2009), (citation omitted).

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, [we] may not substitute [our] judgment for that of the factfinder; if the record

> contains support for the convictions they may not be disturbed.

*Id.* (citation and quotation marks omitted). "Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Scott*, 967 A.2d 995, 998 (Pa.Super. 2009), *appeal denied*, 983 A.2d 1248 (Pa. 2009).

A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). Appellant's intentional act of picking up the footboard and recklessly throwing it at the bed where his wife and two daughters were located is sufficient to find appellant guilty of the crime of simple assault. Clearly, throwing a brass footboard at the bed created a significant risk that the people on the bed could be struck by the footboard and injured. Whether the footboard bounced and hit his wife's ankle or directly hit wife's ankle is of no moment. Appellant is responsible for the consequences of his actions. *See Commonwealth v. Klein*, 795 A.2d 424, 428 (Pa.Super. 2002) (a person acts intentionally with respect to a material element of an offense if it is his conscious object to engage in conduct of that nature or to cause such a result); *Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa.Super. 1994) (same).

The appeal is wholly frivolous, and our independent review of the entire record has not disclosed any other potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015