J-S51013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDDIE J. HARDISON, | |
| Appellant | No. 100 MDA 2014 |

Appeal from the Judgment of Sentence entered on December 20, 2013
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001142-2013

BEFORE:  BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 20, 2014**

Eddie J. Hardison appeals from the December 20, 2013 judgment of sentence of one to two years imprisonment imposed after a jury convicted him of simple assault.  For the reasons set forth below, we affirm.

Denise Walton ("victim") shared an intermittent romantic relationship with Appellant. On November 17, 2012, she agreed to give Appellant a ride home from Shenandoah, Pennsylvania, to his home in Pottsville.  N.T., 10/22/13, at 15-16.  At the time of the incident, Appellant had attained the level of blue belt in an unspecified martial art and was licensed by the Commonwealth of Pennsylvania as a professional Mixed Martial Arts ("MMA") fighter.  *Id*. at 19.  When the couple arrived at Appellant's residence, he refused to exit the vehicle.  After enduring an hour of Appellant's recalcitrance, the victim began driving to the local police station for

assistance. While she was driving, Appellant grabbed the wheel and jerked the vehicle toward the curb. The vehicle came to rest in a perpendicular position in the roadway.

The victim then shoved Appellant away from the wheel and Appellant began punching her in the face with a closed fist. *Id*. at 16. This assault lasted approximately five minutes. *Id*. When the assault ended, Appellant removed the victim's keys from the vehicle and left the scene. *Id*. at 20.

Shortly thereafter, Pottsville City Police Officer Kirk Becker arrived at the scene. N.T., 10/22/13, at 33. He witnessed the vehicle in its perpendicular position on the road along with the victim's injuries. *Id*. He testified at trial that the victim sought medical treatment after the incident. *Id*. She suffered seven fractured facial bones, including her orbital and cheek bones, bruising, permanent numbness, and blurred vision. *Id*. at 16-19. She was referred to an otolaryngologist ("ENT") for her facial fractures. *Id*. at 18.

A jury trial convened on October 22, 2013. The Commonwealth adduced the foregoing evidence of the assault and the victim's injuries. Appellant presented alibi testimony from Tiffany Kovalusky who claimed she had been with Appellant at the time of the assault. On cross examination, however, Ms. Kovalusky conceded she was unsure of the exact date that they had been together. *Id*. at 44-47. At the conclusion of the trial, the jury found Appellant guilty of simple assault. *Id*. at 85.

During the sentencing proceeding, Appellant made an oral motion for extraordinary relief. While Appellant did not challenge the weight of the evidence or flush out the substance of his position, in denying the motion, the trial court observed, "[A]s far as whether the jury believed the victim, I mean, the jury believed the victim, so you were convicted based on the evidence that was presented. I mean, you testified and the victim testified, and the jury found you guilty of simple assault. You're going to be sentenced accordingly." N.T. Sentencing, 12/20/13, at 6. This timely appeal followed the imposition of one to two years imprisonment.[1]

Acting *pro se*, Appellant filed correspondence with the trial court requesting post-sentence relief. As Appellant was represented by counsel, the trial court did not confront the merits of the request. Instead, it accepted the correspondence pursuant to Pa.R.Crim.P. 576 and forwarded the documents to counsel. A counseled post-sentence motion was never filed. Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) that leveled one cryptic assertion, "The

_____

[1] We note the following. Acting *pro se* on December 31, 2013, Appellant filed a PCRA petition. Unaware that Appellant was still represented by trial counsel, the PCRA court appointed PCRA counsel on January 9, 2014. That petition was dismissed. On January 14, 2014, trial counsel filed the present, timely direct appeal from the judgment of sentence on Appellant's behalf. As Appellant was represented by trial counsel when he purported to file his *pro se* PCRA petition, that filing was a legal nullity. **See Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa.Super. 2011) ("Since counsel represented Appellant, the *pro se* [post-trial] motions were legal nullities").

verdict of simple assault is contrary to law." Rule 1925(b) Statement, 2/7/14, at unnumbered page one. The trial court issued a Rule 1925(a) opinion that treated Appellant's claim as a challenge to the sufficiency of the evidence supporting his conviction. However, in addressing that claim, the trial court noted that it was up to the jury to determine the credibility of the witnesses and that the jury clearly believed the victim and her corroborating evidence over Appellant's account of the incident. The court concluded, "The jury and this Court found the testimony of [the victim] to be wholly credible." *See* Trial Court Opinion, 3/13/14, at 3.

Appellant presents the following issue for our review:

It is the position of the Appellant that the evidence presented against him at his jury trial was insufficient to justify a conviction of simple assault.

Appellant's brief at 7.

Despite the manner that Appellant styled his claim in the summary of argument section of his brief, the crux of Appellant's legal position is that "the verdict of guilty against him at trial was against the weight of evidence." Appellant's brief at 8. This is a distinct legal challenge. Unlike sufficiency-of-the-evidence claims, before reaching the merits of a challenge to the weight of the evidence, we must determine whether Appellant properly preserved it for consideration on appeal. Pennsylvania Rule of Criminal Procedure 607 provides in relevant part as follows:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

While Appellant raised his claim that the verdict was against the weight of the evidence in the argument section of his brief on appeal, it is unclear whether he complied with Rule 607. The claim was not articulated in Appellant's *pro se* correspondence that the trial court deferred to counsel pursuant to Rule 576, and no counseled post-sentence motion was filed. Similarly, the substance of Appellant's oral motion was never disclosed to the trial court. Therefore, it does not appear that Appellant complied with Rule 607. Accordingly, this claim is waived.[2] Moreover, assuming *arguendo* that he had complied with Rule 607, the issue would be waived because he

_____

[2] We observe that a weight of the evidence claim is one of the least assailable reasons for granting a new trial. *See Commonwealth v. Brown*, 648 A.2d 1177, 1189-90 (Pa. 1994). Thus, if the jury's findings are supported by the record, the trial court's denial of a motion for a new trial will not be disturbed. *Commonwealth v. Diggs*, 949 A.2d 873 (Pa. 2008). Our review is highly deferential, "we may only reverse the lower court's verdict if it so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). Herein, the trial court expressly agreed with the jury that the victim's testimony was wholly credible. Accordingly, to the extent that Appellant raised his weight claim pursuant to Rule 607 and preserved it for our review, we would find that the trial court did not abuse its discretion in ruling against him.

did not assert it with any specificity in his Rule 1925(b) statement. **See** Rule 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Furthermore, to the extent that Appellant's argument can be interpreted as assailing the sufficiency of the evidence that the Commonwealth adduced during trial, that claim fails.

Our review is informed by the following principles:

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

**Commonwealth v. Emler**, 903 A.2d 1273, 1276-77 (Pa.Super. 2006) quoting **Commonwealth v. Love**, 896 A.2d 1276, 1283 (Pa.Super. 2006).

In order to sustain its burden of proof for a simple assault, Section 2701(a) of the Pennsylvania Crimes Code provides that:

[T]he Commonwealth's burden [to prove] simple assault is to show [that the defendant] attempt[ed] to cause, or intentionally, knowingly or recklessly cause[d] bodily injury to another. "Bodily injury" is defined as impairment of [a] physical condition or substantial pain.

*Commonwealth v. Emler*, 903 A.2d 1273, 1276-77 (Pa.Super. 2006) (quotations and citations omitted).

The existence of substantial pain may be inferred from the circumstances surrounding the use of physical force even in the absence of a significant injury. *Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa.Super. 1994) (assaulted officer's testimony that Appellant's punch broke his glasses, caused him to stumble backwards, and caused pain for the next few days was sufficient to sustain finding that Appellant caused bodily injury). However, substantial pain does not subsume "temporary hurts resulting from trivial contacts which are a customary part of modern day living." *Commonwealth v. Kirkwood*, 520 A.2d 451, 454 (Pa.Super. 1987).

Instantly, the jury did not need to infer the victim's substantial pain because her bodily injury was palpable. Appellant, a trained MMA fighter, repeatedly punched the victim on the side of her face with extreme force. The assault lasted approximately five minutes, and the victim's extensive injuries required immediate medical treatment and a referral to an ENT surgeon. This is not a scenario where a victim suffered temporary discomfort due to trivial contact. Herein, the victim of Appellant's vicious assault suffered seven facial fractures, permanent numbness, and blurred vision. Thus, we conclude that the certified record confirms the trial court's

finding that the Commonwealth adduced sufficient evidence to sustain the simple assault conviction.  *See Richardson*, *supra* at 1196.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2014