492 A.2d 2

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward George JORGENSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 1985.

Filed April 19, 1985.

J. Richard Gray, Lancaster, for appellant.

Louise G. Herr, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

In this case, appellant, arguing that he was denied his constitutional right to cross-examine and confront his accuser, requests discharge or a new trial. He also argues the evidence was insufficient to sustain his conviction for simple assault, and that the procedures used in charging him were faulty. After carefully considering the opinion of the lower court, the pertinent statutes, and the public policies at stake, we affirm the judgment of sentence.

The facts of this case are not pleasant. On September 28, 1981, state police arrested appellant and charged him with rape, involuntary deviate sexual intercourse, incest and

simple assault. The complaining witness, appellant's daughter, told police that after a late-night fight with his girlfriend, her intoxicated father came into her bedroom and forced her to submit to sexual intercourse and deviate sexual intercourse. She reported that he struck her when she initially refused. After he had gone back to his room, she escaped to a neighbor's house and was treated at a local hospital. Police arrested appellant the next day.

Before trial, appellant moved to dismiss, arguing lack of jurisdiction, because the district attorney had failed to sign the information. The court granted his motion, and promptly re-arraigned appellant on identical charges contained in a new, properly signed information.[1] In another pre-trial motion, this one in limine, appellant moved the court to bar the Commonwealth from introducing certain physical evidence tending to show intercourse had occurred. Alternatively, in the event the court would refuse to bar admission of the disputed evidence, appellant requested permission to introduce evidence that the complaining witness had engaged in sexual relations with a person other than the defendant prior to the night in question, and to cross-examine her as to prior sexual activities. The court considered the motion and denied it, finding that the Pennsylvania Rape Shield Law, 18 Pa.C.S.Sec. 3104 (Purdon's 1983), barred the admission of the evidence and the proposed cross-examination.

**The Admissibility of the Evidence**

### I.

Appellant's argument centers on the Supreme Court's holding in *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983). In that case, the Supreme Court held it was permissible for the defense to adduce testimony that the victim had engaged in intercourse with a third person prior to the event which resulted in rape charges being filed

---

1. Appellant took an interlocutory appeal to this Court from the denial of a second motion to dismiss, which argued that the procedure used was defective. This Court quashed on September 14, 1982. Appellant petitioned the Supreme Court for allowance of appeal; the petition was denied.

against the defendant. The defense argued that the presence of semen and sperm in the victim's vagina could be explained by the earlier intercourse. The court held that where relevant evidence would tend to negate the allegation that rape occurred, it was admissible.

Appellant argues that testimony that the victim had engaged in intercourse with another person prior to the alleged rape would be relevant evidence tending to negate the allegation that rape occurred. This argument deserves careful analysis.

The Commonwealth's evidence in part was testimony by a physician that the victim appeared to be distraught, that there was trauma to the vaginal area and that she had bruises on the vaginal wall. The bruises were still black and blue, which the physician testified meant they had been inflicted within a matter of several hours. The physician stated that tampons could cause such bruising, but it was not likely. On cross-examination, he stated that it was possible that bruises would occur with consensual intercourse, but that with consensual intercourse the act generally was not violent enough to produce bruises.

The Commonwealth also introduced the victim's underpants, which she had put on after the incident, into evidence. A Commonwealth witness testified that lab tests indicated the presence of seminal acid phosphatase in stains on the clothing. She testified that seminal acid phosphatase exists only in seminal fluid. On cross-examination, she stated that the presence of seminal acid phosphatase does not mean intercourse has occurred, and that she could not say when the stains she analyzed occurred. On re-direct, she stated that washing stained clothing would remove the substance.

The defense called the defendant's former girlfriend, with whom he had been living at the time when the charges were filed. She testified that she had worn the underpants briefly after she and the defendant had engaged in intercourse, but had found they were too small. She testified

that she then took them off, and that she later gave them to the victim.

## II.

Appellant, at the proceeding in limine, averred that a witness existed and that he would testify that he had had sexual relations with the victim. The Commonwealth disputed the offer of proof, saying the witness would testify that he had not had sexual relations with the victim. No offer of proof was made as to the date or time of the sexual incidents.

The Supreme Court said in *Majorana:*

We do not believe the legislature intended to prohibit relevant evidence which directly negates the act of intercourse with which a defendant is charged. Where, as here, a defendant offers evidence of intercourse close enough in time to the act with which he is charged that it is relevant to explain the presence of objective signs of intercourse, the protections afforded to the complainant by the Rape Shield Law do not apply. Such evidence should be admitted, subject to the usual rules of admissibility of evidence, in particular the balancing of probative value against prejudicial effect.

503 Pa. at 611, 470 A.2d at 84.

The objective signs of intercourse in the instant case were the bruising and the presence of seminal acid phosphatase.

## III.

The drafters of the Rape Shield Law understood that evidence of a victim's sexual history is not relevant in a rape case to show consent to the act in question. The Supreme Court, citing with approval *Commonwealth v. Strube,* 274 Pa.Super. 199, 418 A.2d 365, stated in *Majorana:*

The rape shield laws are legislative recognitions of the minimal probative value of sexual history and are designed to prohibit, to varying degrees, the travesty of

presenting a noisome stream of defense witnesses testifying to the sexual propensities, often sordid and sometimes fanciful, of the complaining witness.

503 Pa. at 609, 470 A.2d at 84.

The Supreme Court in *Majorana* enjoined us and other Pennsylvania courts to balance the probative value of relevant evidence against its prejudicial value in rape cases. Relevant means "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.E. 401. *See also Commonwealth v. Scott*, 480 Pa. 50, 389 A.2d 79 (1978) (evidence tending to make facts at issue more or less probable is relevant).

Evidence of prior sexual activity at an undisclosed earlier time would have been irrelevant under the circumstances. The defense did not offer to prove that the clothing analyzed was present at the prior incidents alleged to have occurred. Nor did it offer to prove that the clothing had not been laundered since the incident.

■ Our decision is consistent with that of the Supreme Court in *Majorana*. In that case, the Commonwealth adduced the fact that semen and sperm had been found in the victim's vagina. The "fact of consequence to the determination of the action" was the presence of semen and sperm. The proffered evidence was that the victim had engaged in intercourse earlier than the time when the rape occurred. This was relevant, since a prior sexual episode made it less probable that the semen and sperm found were the result of forced intercourse. Here, the "fact of consequence" was the presence of seminal acid phosphatase on the victim's clothing. The proffered testimony was not relevant, since it did not make it more or less probable that the substance found was the result of forced intercourse. The offer of proof made no connection between earlier sexual relations

and the presence of seminal acid phosphatase on the clothing.[2]

## The Charging Procedure

■ In *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982), this Court held that the signature requirement of Pa.R.Crim.P. 225(b), 42 Pa.C.S., is only directory, and is curable by amendment if the issue is raised in a motion to quash. Under *Veneri*, the Commonwealth could have moved in this case to amend the defective information; instead, it permitted the original charges to be dismissed and filed a new, signed information with charges identical to those in the first. The procedure was not defective, and the trial court properly denied appellant's motion for discharge on this issue.

## The Sufficiency of the Evidence

■ The evidence shows the victim testified that the defendant struck her twice across the face when she refused his advances. Simple assault occurs when a person "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.Sec. 2701 (Purdon's 1983). "Bodily injury" is "impairment of physical condition or substantial pain." 18 Pa.C.S.Sec. 2301 (Purdon's 1983).

A jury may infer that striking a person across the face causes pain; a lack of testimony on pain was not fatal to

2. We note the Supreme Court, in *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982), held that the trial court properly excluded testimony that no semen was found on the defendant's undershorts when the defendant failed to establish that the undershorts were the same as those present at the rape. The testimony had been excluded by the trial court as irrelevant. For the same reasons, the instant evidence is irrelevant.

Had the defense offered testimony by the prior partner that the underclothing admitted into evidence was the same as that worn during the prior episode, and had the complaining witness stated the clothing had not been laundered since the earlier episode, the testimony would be relevant.

the charge. The evidence was sufficient to support the verdict on the charge of simple assault.

Judgment of sentence affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

For the following reasons, I dissent. One of Appellant's contentions raised before this Court, also raised below, is that an individual other than Appellant had engaged in sexual intercourse with the victim on the night of the alleged rape. The record reveals that immediately prior to trial Appellant sought to permit the introduction of the testimony of the witness, who was present in the courtroom, to that effect. At that time, the Commonwealth objected on the grounds that the witness would testify to exactly the opposite, that he had never at any time had sexual relations with the victim. However, the trial court did not proceed to conduct an *in camera* hearing to question the witness under oath prior to ruling the witness' testimony to be inadmissible. This I believe was error.

Under *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983), the victim in the instant case could have been cross-examined on her sexual activities prior to the alleged rape if the witness in question testified that he had sexual intercourse with the victim on the same night as the alleged rape. This would offer a possible explanation for the presence of seminal acid phosphatase on the victim's underpants. Conversely, if the witness testified that he did not have sexual intercourse with the victim on the night of the alleged rape then it is clear that under the Rape Shield Law, 42 Pa.C.S. § 3104(a), no evidence whatsoever could be admitted into evidence concerning the victim's prior sexual activities. The critical fact is whether the witness had sexual intercourse with the victim on the night of the alleged rape, a fact which the trial court neglected to discover from the witness under oath and a fact which the majority feels is not crucial to its analysis.

Accordingly, I would vacate Appellant's conviction for rape and remand the case to the trial court for an evidentiary hearing to determine as a matter of record whether the witness in question had sexual intercourse with the victim on the night of the alleged rape. Should the witness testify under oath that he did not, then the conviction for rape should be reinstated with a right for Appellant to file another appeal raising any of the remaining issues he raises before this Court. Should, however, the witness testify that he did have sexual intercourse with the victim on the night of the alleged rape, the testimony would be admissible in a new trial to explain the presence of the seminal acid phosphatase on the victim's underpants.