636 A.2d 1195

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clarence RICHARDSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 20, 1993.

Filed Feb. 8, 1994.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before WIEAND, HUDOCK and MONTGOMERY, JJ.

HUDOCK, Judge.

This is an appeal from the judgment of sentence imposed upon Appellant following his conviction for simple assault [1] at the conclusion of a bench trial. Timely filed post-verdict motions were denied, and Appellant was sentenced to two years probation. This direct appeal followed in which the sole issue raised is whether the Commonwealth presented sufficient evidence to support his conviction. We affirm.

In reviewing a challenge to the sufficiency of the evidence, this Court must determine whether, viewing the evidence in the light most favorable to the verdict winner and drawing all reasonable inferences favorable to the Commonwealth, the jury reasonably has determined all elements of the crime to be established beyond a reasonable doubt. *Commonwealth v. Hardcastle*, 519 Pa. 236, 546 A.2d 1101 (1988), *cert. den.*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). When so viewed, the facts may be summarized as follows: On August 11, 1992, Officer Ronald Grisler of the Fourth Police District of Philadelphia received a radio call to respond to a disturbance at 1603 South 7th Street, the address of a three-story apartment complex. Upon arriving at the residence, Officer Grisler observed Appellant's girlfriend, Jean Ransom (Ran-

---

1. 18 Pa.C.S. § 2701(a).

som), lying on her back and moaning at the top of the stairs, with Appellant standing over her. He began to climb the steps to further assess the situation when Ransom fell off the landing and tumbled towards him. Officer Grisler managed to catch her, whereupon Appellant charged down the steps shouting profanities and then reared back with his right hand and punched the officer in the face with his fist. The blow broke Officer Grisler's eyeglasses and caused him to drop Ransom and to stumble down the stairs himself. The punch to the face caused Officer Grisler to suffer a sore jaw for a couple of days but did not require him to go to a hospital or to miss work.

After hearing the above facts, the trial court concluded that the blow delivered to Officer Grisler's face, and the pain he felt over the next few days, were sufficient evidence of an attempt to cause bodily injury, and, therefore, sufficient evidence of simple assault. Additionally, the trial court concluded that Appellant intentionally threw the punch by inferring same from Appellant's own testimony that he was angry and ran down the stairs telling Officer Grisler "to get out of here and go to hell." Trial Court Opinion, 8/27/93, at p. 4, *citing* N.T., 2/1/93, at p. 32. Appellant argues that the evidence presented by the Commonwealth was insufficient to sustain his conviction for simple assault. His claim is based on: (1) insufficient bodily injury to Officer Grisler, and (2) lack of intent on Appellant's part to injure the officer. As we find these claims to be meritless, we affirm Appellant's judgment of sentence.

In order to sustain its burden of proof for a simple assault, the Commonwealth must show that Appellant "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest

that a defendant intended to cause injury. *Commonwealth v. Polston,* 420 Pa.Super. 233, 616 A.2d 669 (1992), *alloc. den.,* 534 Pa. 638, 626 A.2d 1157 (1993).

■ Appellant first argues that Officer Grisler did not suffer bodily injury because he did not receive any medical treatment or miss any work as a result of the blow to the face. Such a claim is frivolous. Appellant cites no authority which states that such consequences are necessary to sustain a simple assault conviction. Officer Grisler testified that Appellant's punch broke his glasses, caused him to stumble backwards, and caused pain for the next few days. Such testimony was sufficient to sustain a finding that Appellant *actually* caused bodily injury to Officer Grisler. *See Commonwealth v. Ogin,* 373 Pa.Super. 116, 540 A.2d 549 (1988) (*en banc*), *alloc. den.,* 521 Pa. 611, 557 A.2d 343 (1989) (substantial pain may be inferred from the circumstances surrounding the physical force used, even in the absence of significant injury); *Commonwealth v. Jorgenson,* 341 Pa.Super. 550, 492 A.2d 2 (1985), *rev'd. on other grounds,* 512 Pa. 601, 517 A.2d 1287 (1986) (jury may infer that twice striking a person across the face causes pain even if there is not testimony of pain).

■ The trial court, however, did not conclude that Appellant caused bodily injury to Officer Grisler. Rather, as noted above, the trial court concluded that Appellant attempted to cause bodily injury. "To show an 'attempt' to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury[,]" *Interest of J.L.,* 327 Pa.Super. 175, 177, 475 A.2d 156, 157 (1984). "A person acts intentionally with respect to a material element of an offense" if "it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S. § 302(b)(1)(i). As noted above, this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause bodily injury. *Polston, supra.*

In his second claim, Appellant argues that the trial court erred in concluding that his conduct was intentional because, while his conduct "may have been an act stemming from grief,

anger and/or frustration, it was not an intentional act to injure." Appellant's Brief at p. 6. We find this claim wholly devoid of merit. The trial court found credible the Commonwealth's evidence which demonstrated that Appellant, angered by the officer's conduct, ran to the officer, yelled "get out of here and go to hell," and reared his arm back and swung at the officer's face. From this evidence it was reasonable for the trial court to conclude that Appellant acted with an intent to cause bodily injury. Appellant's motivation for his conduct does not negate the fact that it was an intentional act.[2] *See Commonwealth v. Manlin*, 270 Pa.Super. 290, 411 A.2d 532 (1979) (evidence showed at least an attempt to cause bodily injury and thus was sufficient to sustain conviction for simple assault where appellant struck the victim in the face with his fist and the victim felt pain as a result of the blow); *Commonwealth v. Barnett*, 253 Pa.Super. 39, 45, 384 A.2d 965, 968 (1978) (where appellant struck one officer with his fists and struggled with another officer, evidence was sufficient to prove appellant "at least attempted a simple assault upon both officers").

Appellant's reliance on both *Interest of J.L.*, *supra*, and *Commonwealth v. Kirkwood*, 360 Pa.Super. 270, 520 A.2d 451 (1987), is misplaced as these cases are clearly distinguishable from the facts of the instant matter. In *Interest of J.L.*, a juvenile used her elbow to push her two-year-old nephew away from her because he apparently was begging for candy. The toddler did not cry or exhibit any sign of pain. In concluding that this act did not rise to the level of criminal assault, this Court stated: "Within the confines of the family, it is difficult to attach criminality to the pushing, shoving, slapping, elbowing, hair-pulling, perhaps even punching and kicking, that not infrequently occur between siblings or other members of the same family." *Interest of J.L.*, at 178, 475 A.2d at 157. In

2. Appellant testified that, after his girlfriend had fallen down the stairs, he rushed down after her and that his forward momentum caused him to unintentionally come into contact with Officer Grisler. As fact-finder, the trial court passes upon the credibility of witnesses and is free to believe all, some or none of the evidence. *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979). The trial court disbelieved this testimony. *See* Trial Court Opinion, 8/27/93, at p. 2, n. 2.

*Kirkwood,* the appellant was charged with assault when he danced violently with an acquaintance thereby causing her bruises and slight cuts on her arms. This Court, in a plurality decision, found that this conduct did not constitute an assault because appellant's dance partner merely experienced "temporary hurts resulting from trivial contacts which are a customary part of modern day living." *Kirkwood,* at 275, 520 A.2d at 454. Appellant's conduct in striking a police officer cannot be equated to a family squabble between children or violent dancing. Rather, it was an intentional act upon a police officer which rose to the level of simple assault.

Judgment of sentence is affirmed.