J-S18026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY J. GAGLIARD | |
| Appellant | No. 2460 EDA 2016 |

Appeal from the Judgment of Sentence dated May 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001127-2016

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.: **FILED MAY 25, 2017**

Appellant, Anthony J. Gagliard, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial conviction for simple assault.[1] We affirm.

On January 11, 2016, at about 5:00 P.M., the loss prevention officer ("LPO") at the Burlington Coat Factory located at the corner of Castor Avenue and Cottman Avenue in Philadelphia observed, through a live closed circuit television feed, Appellant enter the store, proceed to the women's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a). Although Appellant was generally charged under 18 Pa.C.S. § 2701(a), Appellant acknowledges that "Sections (a)(2) and (a)(4) of the simple assault statute are not applicable to the instant case," and both the Commonwealth and the trial court agree that his conviction is sustainable only under Subsection (a)(1). **See** Appellant's Brief at 8 n.2; Commonwealth's Brief at 5; Trial Ct. Op., 9/13/16, at 3.

shoe department, and put a pair of women's shoes in a plastic bag. Trial Ct. Op., 9/13/16, at 1-2 (unpaginated) (citing N.T., 5/24/16, at 36-40, 43-44, 47). Appellant then walked to the men's department, selected a pair of men's pants, and put them over his shoulder. Appellant approached the cash register with the items and attempted to return the women's shoes in exchange for the pants. *Id.* at 2 (citing N.T., 5/24/16, at 43). The LPO, "who had been observing [Appellant], radioed the employee at the cash register to let the exchange go through due to his observations." *Id.* (citing N.T., 5/24/16, at 49).

After the exchange, the LPO confronted Appellant and started to escort him to the store's loss prevention office. Trial Ct. Op., 9/13/16, at 2. Appellant pushed the LPO, giving the LPO a bruise above his chest, and "began to punch and flail his arms, attempting to resist apprehension." *Id.* (citing N.T., 5/24/16, at 54, 56, 88). Appellant and the LPO "scuffle[d]," and Appellant "hit" the LPO "in the mouth with an elbow causing a bloody lip." *Id.* (citing N.T., 5/24/16, at 57).

Appellant presents one issue for our review:

Was not the evidence insufficient to support the verdict of guilty of simple assault in as much as the [A]ppellant's conduct did not establish the attempt to cause or the actual infliction of bodily injury, or the attempt by physical menace to inflict imminent serious bodily injury as required by the simple assault statute?

Appellant's Brief at 4.[2]

Our standard of review is:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> ***Commonwealth v. Sullivan***, 820 A.2d 795, 805 (Pa. Super. 2003) (citation omitted), ***appeal denied***, 574 Pa. 773, 833 A.2d 143 (2003). As a reviewing court, we many not weigh the evidence or substitute our judgment for that of the fact-finder, who is free to believe all, part, or none of the evidence. ***Commonwealth v. Haughwout***, 837 A.2d 480, 484 (Pa. Super. 2003).

***Commonwealth v. Chambers***, ____ A.3d ____, 2017 WL 900006, at *2-*3 (Pa. Super. 2017).

Appellant claims that the Commonwealth failed to prove the elements of simple assault. Specifically, Appellant contends: "[It] is impossible to conclude intent to cause injury or substantial pain where there was an incidental bloody lip. Here, there is no evidence of substantial pain or physical impairment, the predicate injury for simple assault." Appellant's

---

[2] Because the Commonwealth and the trial court concede that 18 Pa.C.S. § 2701(a)(3) — "attempts by physical menace to put another in fear of imminent serious bodily injury" — does not apply to Appellant, we will not address the "attempts by physical menace" aspect of Appellant's issue. ***See*** Commonwealth's Brief at 5; Trial Ct. Op., 9/13/16, at 3.

Brief at 11. Appellant similarly asserts that "swinging his arms and elbows" alone cannot demonstrate an attempt to cause bodily injury. *Id.* at 12.

The relevant assault statute states: "Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he: (1) attempts to cause **or** intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1) (emphasis added). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Both aggravated assault, **see** 18 Pa.C.S. § 2702, and simple assault share this definition of "bodily injury," and, hence, cases involving aggravated assault are equally instructive in clarifying this term. As the trial court concluded that Appellant gave the LPO actual bodily injuries (a bruise and a bloody lip), we need not address the "attempts to cause" portion of 18 Pa.C.S. § 2701(a)(1). Trial Ct. Op., 9/13/16, at 2, 5 (citing N.T., 5/24/16, at 54, 56-57, 88).

We extensively discussed the bodily injury requirement in *Commonwealth v. Marti*, 779 A.2d 1177, 1181-82 (Pa. Super. 2001), as follows:

> In [**Commonwealth v.**] **Wertelet**, [696 A.2d 206 (Pa. Super. 1997),] we noted that the Crimes Code definition of bodily injury as "impairment of physical condition or substantial pain," 18 Pa.C.S.A. § 2301, "is worded rather generally and does not provide a great deal of guidance." **Wertelet**, 696 A.2d at 210. We further recognized the lack of cases attempting to define the term. **Id.** In attempting to define the term, the panel compared Wertelet's actions with those of the defendants in the cases of **Commonwealth v. Kirkwood**, 360 Pa. Super. 270, 520 A.2d 451 (1987) and **Interest of J.L.**, 327 Pa. Super. 175, 475 A.2d

- 4 -

156 (1984). In ***Kirkwood***, the defendant was charged with simple assault for aggressively fast dancing with a woman. The victim testified that she had pleaded with Kirkwood to stop because he was hurting her, but that he had continued to swing her until her husband intervened. She said the incident lasted approximately forty seconds and left her with bruises and cut marks on her arms. As a result, she testified she suffered pain in her arms and her right knee for a short period of time thereafter. We concluded these facts did not constitute sufficient bodily injury to sustain a conviction of a simple assault, in that "temporary aches and pains brought about by strenuous, even violent, dancing are an inadequate basis for imposing criminal liability upon a dance partner for assault." ***Kirkwood***, 520 A.2d at 454. We also opined[,] "the assault section of the Crimes Code was intended to protect and preserve one's physical well-being and was not intended to prevent temporary hurts resulting from trivial contacts which are a customary part of modern day living." ***Id.*** In ***Interest of J.L.***, ***supra***, we reversed the adjudication of delinquency of a sixteen-year-old for simple assault where she elbowed her nephew to push him away. We noted[,] "it is difficult to attach criminality to the pushing, shoving, slapping, elbowing, hair-pulling, perhaps even punching and kicking, that frequently occur between siblings or other members of the same family." ***Id.*** at 157.

Consequently, the ***Wertelet*** panel found the actions in ***Kirkwood*** and ***J.L****.* were "on par with the nature of the affront committed here by [Wertelet]." The panel reasoned as follows:

> There is no evidence that appellant reared back and kicked Trooper Funk as hard as she could. Indeed, she kicked him with the back of her heel as she was flailing about and squirming while the troopers attempted to handcuff her. Trooper Funk was not seriously impaired by the kicks, he was able to continue working, and he did not report even any bruising or swelling. Trooper Funk's characterization of the pain as similar to 'bumping your shin on a coffee table' aligns the encounter with those described above and does not fall within the general connotation of the term 'injury.'

***Wertelet***, 696 A.2d at 212, 213 (footnote omitted). . . .

- 5 -

We find further support for our conclusion by examination of the cases defining bodily injury in the context of a simple assault. *In the Interest of M.H.*, 758 A.2d 1249 (Pa. Super. 2000), *appeal denied*, 564 Pa. 735, 766 A.2d 1250 (2001), we affirmed an adjudication of delinquency for simple assault involving the reckless infliction of bodily injury to a high school teacher's aide. The evidence therein demonstrated M.H. aggressively grabbed the victim's arm and pushed her up against a wall causing bruises on her arm that lasted several days. The injury did not require medical treatment or cause the victim to miss any work. On appeal, M.H. argued the evidence was insufficient to prove simple assault because the victim's injury did not constitute "bodily injury" under 18 Pa.C.S.A. § 2701(a)(1). After analyzing the rationale of *Wertelet*, we rejected this argument noting:

> We are not willing to view this incident as a 'temporary hurt' resulting from a 'trivial contact.' It cannot be viewed as contact incident to a struggle as in *Wertelet*, which the officer there described as akin to bumping his shin. It cannot be viewed in any sense as social contact as was the, albeit aggressive, dancing in *Kirkwood*. Nor can we view this incident as the type of noncriminal contact resulting from family stress and rivalries as in *Interest of J.L.* In short, we do not consider M.H.'s conduct in any way a 'customary part of modern day living.' *Kirkwood*, 520 A.2d at 454.

*In the Interest of M.H.*, 758 A.2d at 1252. *See, e.g.*, *Commonwealth v. Jorgenson*, 341 Pa. Super. 550, 492 A.2d 2 (1985) *rev. on other grounds*, 512 Pa. 601, 517 A.2d 1287 (1986) (stating "[a] jury may infer that striking a person across the face causes pain;" even if there is no testimony of pain); *Commonwealth v. Adams*, 333 Pa. Super. 312, 482 A.2d 583 (1984) (affirming conviction for simple assault where victim was struck in the head with an object hard enough to almost knock her unconscious); *Commonwealth v. Richardson*, 431 Pa. Super. 496, 636 A.2d 1195, 1196 (1994) (holding testimony that appellant's punch broke officer's glasses and caused pain for a few days was sufficient to sustain finding of actual bodily injury); *Commonwealth v. Ogin*, 373 Pa. Super. 116, 540 A.2d 549 (1988) (*en banc*), *appeal denied*, 521 Pa. 611, 557 A.2d 343 (1989) (finding substantial pain may be inferred from the

circumstances surrounding the physical force used, even in the absence of significant injury).

After a thorough review of the record, the briefs of the parties, the above applicable law, and the well-reasoned opinion of the Honorable Stephanie M. Sawyer, we conclude that Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. *See* Trial Ct. Op., 9/13/16, at 3-5 (finding (1) pushing and flailing arms can be reasonably inferred to show the specific intent to cause bodily injury (citing *M.H.*, 758 A.2d at 1252)); (2) LPO's bloody lip and bruising are enough to find that bodily injury occurred; and (3) the physical contact by Appellant against the LPO was neither a social contact, as in *Kirkwood*, 520 A.2d at 454, nor does it fit within this Court's definition of temporary aches and pains, as described in *Wertelet*, 696 A.2d at 212-13). Thus, we affirm on the basis of the trial court's opinion, and the parties are instructed to attach a copy of the trial court's opinion of September 13, 2016, to any future filing that references this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2017

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| | : | |
| | : | CP-51-CR-0001127-2016 |
| | : | |
| v. | : | |
| | : | 2460 EDA 2016 |
| **ANTHONY GAGLIARD** | : | |
| | : | |
| **Appellant** | : | |

**FILED**

SEP 1 3 2016

Criminal Appeals Unit
First Judicial District of PA

**OPINION**

STEPHANIE M. SAWYER, J.                    DATE: SEPTEMBER 13, 2016

This is an appeal by Defendant, Anthony Gagliard, challenging this courts conviction of simple assault on the sufficiency of the evidence presented at trial. The issues are whether the evidence established the requisite *mens rea* for the offense, and whether the complaining witness suffered a bodily injury.

**I. RELEVANT FACTS**

According to the testimony of Loss Prevention Officer (LPO) Hal Eckman, on January 11, 2016 at around 5:00 p.m., LPO Eckman was working at the Burlington Coat Factory located at the corner of Castor Avenue and Cottman Avenue in the City and County of Philadelphia. N.T. 5/24/16 at 36, 40.[1] LPO Eckman observed, through a live closed circuit television (CCTV) system, Defendant enter the store and proceed to the Women's Shoe Department where he put a pair of women's shoes in a plastic bag. *Id.* at 37, 39, 43-44. Defendant then walked over to the Men's

---

[1] All references to the record refer to the transcript of the trial recorded on May 24, 2016.

Department and selected a pair of men's pants, putting them over his shoulder. *Id.* at 43, 47. Defendant approached the cash register with the items and attempted to return the women's shoes in exchange for the pants then on Defendant's shoulder. *Id.* at 43. LPO Eckman, who had been observing Defendant, radioed the employee at the cash register to let the exchange go through due to his observations. *Id.* at 49.

After the transaction was completed, LPO Eckman confronted Defendant and started to escort him down to the store's loss prevention office. *Id.* at 50. As LPO Eckman and Defendant started to walk towards that office, Defendant broke free from LPO Eckman's grip and ran towards the exit. *Id.* at 51. Another LPO, Mohammad Rasheed, helped LPO Eckman chase Defendant to the middle of Cottman Avenue where Defendant pushed LPO Eckman in the shoulder, giving him a bruise above his chest. *Id.* at 51, 52. Defendant was eventually apprehended and escorted back into the store. *Id.* After coming back into the store, a struggle ensued where Defendant pushed LPO Rasheed down and began to punch and flail his arms, attempting to resist apprehension. *Id.* at 54, 88. A third, unidentified LPO, then grabbed Defendant in a bear hug while Defendant was flailing his arms. *Id.* at 56. At some point during the scuffle Defendant hit LPO Eckman in the mouth with an elbow causing a bloody lip. *Id.* at 57.

## II. APPLICABLE LAW

### A. STANDARD OF REVIEW

When reviewing a claim of insufficient evidence, the appellate court must look to the following standard of review: "In reviewing the sufficiency of the evidence [the appellate court] must consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [fact finder's] verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55,

66 (Pa. 2014) (alteration in original) (citation omitted), *cert. denied, Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. Ct. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Id.* (alteration in original) (citation omitted). Because evidentiary sufficiency is a question of law, the appellate court standard of review is *de novo* and [the appellate court's] scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (alteration in original) (citation omitted), *cert. denied, Diamond v. Pennsylvania*, 135 S. Ct. 145 (2014). However, "[w]here the record supports the factual findings of the trial court [an appellate court is] bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error." *Commonwealth v. Bomar*, 826 A.2d 831, 842 (Pa. 2003) (alteration in original).

## B. SIMPLE ASSAULT

"In order to sustain its burden of proof for simple assault, the Commonwealth must show that the defendant 'attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another.'" 18 PA.CONS.STAT.ANN. § 2701(a)(1) (West 2014). In addition, "bodily injury" is defined as "impairment of physical condition or substantial pain. 18 PA.CONS.STAT.ANN. § 2301 (West 1973).

> Furthermore, it is axiomatic that simple assault does not require a victim to suffer actual bodily injury. The attempt to inflict bodily injury may be sufficient. This intent may be inferred from the circumstances surrounding the incident if a specific intent to cause bodily injury may reasonably be inferred therefrom.

*Commonwealth v. Polston*, 616 A.2d 669, 679 (Pa. Super. Ct. 1992) (internal citations omitted),

*appeal denied*, 626 A.2d 1157 (Pa. 1993).

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 PA.CONS.STAT.ANN. § 302(b)(3) (West 1973).

> Similarly, even if the accused was not aware of the risk he ran of achieving the actual result, a court can find him guilty of criminally reckless conduct if "the actual result involves the same kind of injury or harm as the probable result and is not too remote or accidental in its occurrence . . . ."

*Commonwealth v. Moore*, 395 A.2d 1328, 1331 (Pa. Super. Ct. 1978) (*citing* 18 PA.CONS.STAT. § 303(c)(2)).

"[I]n considering the spectrum of assaultive behavior, convictions for simple assault have been upheld where the behavior is more clearly criminal." *In re M.H.*, 758 A.2d 1249, 1252 (Pa. Super. Ct. 2000) (affirming conviction of simple assault where an educational aide was grabbed by the arm by a student and pushed against the wall, receiving bruises on her arm that lasted several days). The Court also declined to find that a woman, struggling with a police officer and kicking him in the shin, caused the requisite bodily injury to sustain a charge of aggravated assault. *Id.* at 1251 (*citing Commonwealth v. Wertelet*, 696 A.2d 206 (Pa. Super. Ct. 1997)). The court noted however, that because this was a charge of aggravated assault—where several other charges of resisting arrest, harassment or simple assault might have been more appropriate—the court might have been more inclined under the same facts to conclude that simple assault had been proven. *Id.* at 1251 n. 5. In another case, social contact from aggressive dancing, where the victim was swung violently about the dance floor and suffered pain in her arms and knees for a short period afterward,

was insufficient to find assaultive behavior. *Id.* at 1252 (*citing Commonwealth v. Kirkwood*, 520 A.2d 451, 454 (Pa. Super. Ct. 1987)). The Court held that: "[t]emporary aches and pains brought about by strenuous, even violent, dancing are an inadequate basis for imposing criminal liability upon a dance partner for assault." *Id.*

## III. LEGAL ANALYSIS

LPO Eckman was pushed above his chest and elbowed in the face, causing a bruise and a bloody lip, respectively. This struggle occurred because LPO Eckman was investigating suspected criminal activity from Defendant. According to LPO Eckman's testimony and this Court's findings of fact, Defendant was punching and flailing his arms wildly in an attempt to resist apprehension by the store's Loss Prevention Officers.

In regards to the *mens rea* requirement for attempting to cause bodily injury: throwing punches, pushing, shoving and flailing arms can all be reasonably inferred to show the specific intent to cause bodily injury. Alternatively, even if it was not Defendant's intent to injure one of the LPOs, failing arms, pushing, shoving, and punching was clearly reckless as it unequivocally showed a conscious disregard to a substantial and justifiable risk that bodily injury would occur from those actions.

In addition, LPO Eckman's bloody lip and bruising are enough to find that bodily injury occurred. The physical contact by Defendant against LPO Eckman was neither a social contact like the one described in *Kirkwood* nor does it fit within this Court's definition of temporary aches and pains as described in *Wertelet*. This case is more akin to the physical contact described in *In re M.H.*, where a court is more likely to find bodily injury for assaultive behavior when a defendant engages in criminal conduct.

## IV. CONCLUSION

In light of the totality of the facts presented at trial, the Commonwealth established the necessary *mens rea* and the bodily injury requirements for simple assault. As a result of the above analysis, Defendant was found guilty of simple assault and the decision of this court should be affirmed.

BY THE COURT:

STEPHANIE M. SAWYER, JUDGE
DATED: SEPTEMBER 13, 2016