J-S53035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD J. SCRUGGS | : | |
| | : | |
| Appellant | : | No. 3116 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006566-2018

BEFORE:  SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED:  May 10, 2021**

Richard J. Scruggs (Scruggs) appeals from the September 30, 2019 judgment of sentence imposed by the Court of Common Pleas of Philadelphia County (trial court) following his non-jury trial convictions for false imprisonment, indecent assault, simple assault, recklessly endangering another person (REAP), open lewdness and harassment.[1]  He challenges the sufficiency of the evidence to support his convictions for simple assault and REAP.  We vacate his convictions for simple assault and REAP and remand for resentencing on the remaining charges.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2903(a), 3126(a)(2), 2701(a)(1), 2705, 5901, & 2709(a)(1).

We glean the following facts from the certified record. On the morning of August 9, 2018, Alyssa McCormick (McCormick) was walking to a class in the city of Philadelphia when Scruggs called out to her to get her attention and asked her for a hug. Notes of Testimony, 6/17/19, at 9. McCormick realized that she did not know Scruggs but gave him a hug because she "felt bad." *Id.* at 10. When she hugged him, Scruggs started to grope her breasts and attempted to pull down her pants, exposing her buttocks. *Id.* at 10-11. As he was groping her, Scruggs said "you have a fat ass. I got a dollar for you." *Id.* at 11. McCormick tried to push him away but could not because he was stronger than her. *Id.*

McCormick attempted to enter the building where her class was meeting to get away from Scruggs, but he followed her and continued to try to touch her and pull her pants down.[2] *Id.* at 13. At that point, a teacher in the building, Dierdre Davis (Davis), intervened and told Scruggs to leave.[3] *Id.* at

---

[2] The notes of testimony from Scruggs's trial state that McCormick testified "He fell on me in the building." *Id.* at 13. After the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a), Scruggs and the Commonwealth stipulated to correct the record to reflect that McCormick had actually testified that Scruggs "**followed** her in the building." *See* Stipulated Correction of Errors in Trial Transcript, 8/31/20; Pa.R.A.P. 1922(c)(2) (corrections to transcript by stipulation of the parties); Order, 9/30/20 (ordering corrections to the trial record based on stipulation).

[3] Davis testified that Scruggs had one hand on McCormick's waist and the other was grabbing her all over her body. *Id.* at 21. She said that McCormick had a "look of panic on her face." *Id.*

Scruggs walked to the door and then turned around as if he was going to come back over to McCormick, so Davis again told him to leave and warned him that he was on camera. *Id.* at 21-22. After Scruggs left, McCormick and Davis reported the incident to police and he was arrested. *Id.* at 14-15.

The trial court found Scruggs guilty of the above-mentioned charges and acquitted him of one count of unlawful restraint.[4] Following a presentence investigation and mental health evaluation, the trial court sentenced Scruggs to concurrent sentences 11.5 to 23 months' imprisonment for the counts of false imprisonment and indecent assault, with a consecutive period of 3 years' probation on the count of indecent assault. For the count of simple assault, the trial court imposed a consecutive sentence of 2 years' probation. For the counts of REAP and open lewdness, the trial court imposed sentences of 2 years and 1 year of probation, respectively, to be served concurrently to the sentence for simple assault. No further penalty was imposed for the count of harassment. The aggregate sentence was 11.5 to 23 months of incarceration followed by 5 years of probation.

Scruggs filed a timely notice of appeal and he and the trial court have complied with Pa.R.A.P. 1925. On appeal, Scruggs challenges the sufficiency of the evidence to sustain his convictions for simple assault and REAP.[5]

---

[4] 18 Pa.C.S. § 2902(a)(1).

[5] Our standard of review is well-settled:
*(Footnote Continued Next Page)*

- 3 -

Scruggs's Brief at 3. Scruggs argues that the evidence showed only that he groped McCormick, attempted to pull down her pants and followed her into the building out of an "illicit intent to gratify himself sexually." *Id.* at 7. He concedes that this evidence was sufficient to support his conviction for indecent assault, but argues that the Commonwealth failed to establish that he caused or attempted to cause bodily injury to McCormick, as required for a conviction for simple assault. He further argues that the evidence was insufficient to support his conviction for REAP because his actions did not place McCormick in danger of death or serious bodily injury. *Id.*

_____

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lopez*, 57 A.3d 74, 79 (Pa. Super. 2012) (citation omitted).

A person commits the crime of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). The Crimes Code defines bodily injury as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. To establish the crime of simple assault based on an attempt to cause bodily injury, the Commonwealth must prove beyond a reasonable doubt that "the actor had the specific intent to cause bodily injury." **Commonwealth v. Richardson**, 636 A.2d 1195, 1196 (Pa. Super 1994) (internal quotations omitted). Specific intent to cause injury may be inferred from the circumstances. **Id.**

Here, the record does not establish that McCormick suffered bodily injury or that Scruggs specifically intended to cause bodily injury during the incident.[6] The trial court's finding that Scruggs caused bodily injury to McCormick was based on an inference drawn from the testimony that Scruggs fell on top of McCormick as they entered the building. Trial Court Opinion, 6/29/20, at 10. However, this factual finding was based on a transcription error in the notes of testimony that the parties corrected by stipulation following the filing of the trial court's Pa.R.A.P. 1925(a) opinion. **See** note 2,

---

[6] Scruggs does not dispute that his conduct constituted indecent assault. **See** Scruggs's Brief at 7. This court has previously recognized that "[t]he separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim. Injury to the person is the harm intended to be prevented by other assault offenses." **Commonwealth v. Capers**, 489 A.2d 879, 882 (Pa. Super. 1985).

*supra*. In fact, McCormick had testified only that Scruggs "followed" her into the building. *See* Stipulated Correction of Errors in Trial Transcript, 8/31/20. McCormick did not testify to experiencing any pain or injury as a result of the incident, and her testimony that Scruggs grabbed, held and groped her does not support an inference[7] of "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Thus, the trial court's factual finding that Scruggs caused bodily injury to McCormick when he fell on top of her is not supported by the record, and no further record evidence establishes beyond a reasonable doubt that McCormick experienced bodily injury.

Next, we turn to whether the Commonwealth established that Scruggs specifically intended to cause bodily injury to McCormick. Viewing the totality of the circumstances and all evidence in the light most favorable to the Commonwealth, the record does not establish that Scruggs initiated his assault on McCormick with the specific intent to cause bodily injury. Rather, the facts show that Scruggs acted with an intent to achieve sexual gratification. Scruggs initiated contact with McCormick by asking her for a hug, even though she was a stranger to him. When she acquiesced, he

---

[7] "[A]n inference from the evidence can be made if the inference is more likely than not given the state of the facts." ***Commonwealth v. Burton***, 2 A.3d 598, 603 n.3 (Pa. Super. 2010) (*en banc).* However, "where the sole evidence of guilt or an element of the offense is inferential, then the inferred fact must follow beyond a reasonable doubt from the proved facts." ***Id.*** (citation omitted).

immediately began groping her breasts and attempted to pull down her pants, exposing her butt on the public street. As he groped her, he repeatedly said "you have a fat ass. I got a dollar for you." Notes of Testimony, 6/17/19, at 11. Scruggs held McCormick in place throughout this encounter and when she broke free, he followed her into the building and continued to try to remove her pants and grope her all over her body. While this conduct was clearly criminal and supports his convictions for indecent assault and false imprisonment, it does not evidence a specific intent to cause bodily injury.[8]

_____

[8] The cases cited by the Commonwealth and the dissent in support of the inference of bodily injury or the specific intent to cause bodily injury are factually distinguishable from the case at bar. The dissent relies on **In re M.H.**, 758 A.2d 1249, 1251-52 (Pa. Super. 2000), and cases cited therein, and **Commonwealth v. Smith**, 848 A.2d 973, 977 (Pa. Super. 2004), for the proposition that a fact finder may infer substantial pain or injury from the record even if the victim does not testify about injury. However, both cases involved a physical act by the defendant that is inherently more likely to cause injury than Scruggs's action here. **See M.H.**, *supra*, at 1250 (evidence sufficient for simple assault when student grabbed instructional aide at school by the arm and shoved her into a wall after aide sent her to the principal's office); **Smith**, *supra*, at 975-77 (evidence sufficient for simple assault conviction when adult defendant struck child in the chest with a closed fist as punishment for misbehavior). The same is true for **Commonwealth v. Jorgenson**, 492 A.2d 2 (Pa. Super. 1985), *rev'd on other grounds*, 517 A.2d 1287 (Pa. 1986) (substantial pain inferred when defendant struck victim twice in the face). These actions raise a strong inference that the victim would have suffered bodily injury or, at minimum, that the defendant intended to cause bodily injury. However, the facts here show that Scruggs held McCormick in one place while groping her and grabbing at her clothes. This behavior is of a fundamentally different nature than the assaults in the cases cited by the Commonwealth and the dissent.

The dissent also argues, based on **Smith** and **Jorgenson**, that Scruggs intended to cause bodily injury, even if injury did not result. Again, both cases
*(Footnote Continued Next Page)*

*Richardson*, *supra*. Therefore, we vacate Scruggs's conviction for simple assault.

Next, we consider Scruggs's conviction for REAP. A person commits the crime of REAP if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Serious bodily injury is defined as "[b]odily injury which creates substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. "[T]he Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." *Commonwealth v. Headley*, 242 A.3d 940, 944 (Pa. Super. 2020) (citation omitted).

_____

involved striking the victim with a closed fist. There is no testimony in this case that Scruggs hit McCormick in any manner; only that he held her in place while groping her and attempting to pull down her pants. While the crime of simple assault does not require hitting *per se*, the actions in **Smith** and **Jorgenson** support a strong inference that the defendants intended to cause bodily injury. Here, simply holding McCormick in place while grabbing her does not support this inference, and the additional circumstantial evidence suggests that Scruggs was acting purely for sexual gratification, not with the intent to cause injury. He initiated the encounter by asking for a hug, repeatedly said "you got a fat ass, I've got a dollar for you," and tried to pull down McCormick's pants. Notes of Testimony, 6/17/19, at 11. These facts support a conviction for indecent assault, not simple assault.

Scruggs argues that his conduct did not place McCormick in danger of death or serious bodily injury. We agree. Again, the trial court supported its verdict for this charge based on the incorrectly-transcribed testimony that Scruggs "fell on" McCormick as they entered the building, concluding that the fall "could have easily caused her to break a bone(s), sustain a concussion, or any number of serious, common injuries associated with falling." Trial Court Opinion, 6/29/20, at 12. The trial court further opined that if the fall had occurred outside on the street, McCormick could have been injured in traffic. *Id.* However, as described in note 2, *supra*, this finding was based on a transcription error that the parties remedied by stipulation after the trial court filed its opinion.

The corrected notes of testimony do not support the conclusion beyond a reasonable doubt that Scruggs placed McCormick "in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. The record establishes that Scruggs grabbed McCormick, held her in place, groped her and attempted to pull down her pants. McCormick testified that the incident began outside on the street with other people around but did not indicate that they were close to entering traffic or otherwise in danger because of their surroundings. Notes of Testimony, 6/17/19, at 9. She further testified that Scruggs was stronger than her and initially prevented her from moving, then followed her into the building and continued to grope her and attempt to pull down her pants when she broke free. While his conduct is offensive, there is no support in the

record for the conclusion that it placed McCormick in danger of death or "serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. As a result, we must vacate his conviction for REAP.[9] Moreover, as our disposition upsets the trial court's sentencing scheme, we remand for resentencing on the remaining charges. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006).

_____

[9] To sustain a conviction for REAP, the Commonwealth must prove that the defendant created a risk of death or **serious** bodily injury. 18 Pa.C.S. § 2705. Bodily injury alone is not sufficient. The dissent cites *Commonwealth v. Rahman*, 75 A.3d 497 (Pa. Super. 2013), for the proposition that a fall could result in serious bodily injury. There, the evidence was sufficient to establish that the defendant placed a police officer in risk of sustaining serious bodily injury when he punched the officer near a glass divide on a fourth-floor balcony. *Id.* at 502-03 ("Appellant's physical aggression easily could have caused Sergeant Grant to lose his footing and fall down the stairs near the edge of the fourth floor balcony."). These circumstances are distinguishable from a fall that could occur on a city sidewalk. A fall from a fourth-floor balcony has an inherent risk of causing death or "serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. A fall on a sidewalk does not. In addition, *Commonwealth v. Headley*, 242 A.3d 940 (Pa. Super. 2020), cited by the dissent, involved a defendant who fired a bullet into the floor of his apartment which then passed into the occupied apartment below. The risk of death or serious bodily injury is clear as the bullet could have struck an occupant of the apartment below. Even if Scruggs's actions placed McCormick at risk of a fall here, there is no evidence to support the inference that he recklessly placed her at risk of sustaining serious bodily injury by grabbing her and holding her in place.

Judgment of sentence vacated as to simple assault and REAP. Case remanded for resentencing. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge Lazarus files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/21

- 11 -