J-A29020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHANNON SILBAUGH :
:
Appellant : No. 1530 WDA 2024

Appeal from the Judgment of Sentence Entered November 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000672-2024

BEFORE: OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: February 27, 2026**

Appellant, Shannon Silbaugh, appeals from the judgment of sentence entered on November 12, 2024. We affirm.

The trial court ably summarized the facts of this case:

On January 17, 2024, [Appellant was] observed placing a fragrance tester inside her purse while inside Macy's Department Store ("Macy's"). Amanda Connolly, a Customer Experience Manager at Macy's, testified that she personally observed [Appellant] move her hand toward her handbag while [Appellant] was standing in Macy's. Ms. Connolly noticed that a fragrance tester was missing from the area where it should have been located. Ms. Connolly suspected that [Appellant] may have stolen a fragrance tester and she summoned Bryan Schmidt, an Asset Protection Detective from Macy's and advised him that she believed [Appellant] had stolen a fragrance tester.

Mr. Schmidt testified that he located [Appellant] inside the store and asked her to go to the Macy's office so he could speak with her. [Appellant] became agitated and tried to walk past Mr. Schmidt multiple times. Because [Appellant] did not comply with his requests, Mr. Schmidt attempted to

handcuff [Appellant] pursuant to Macy's policy. [Appellant] resisted and bit Mr. Schmidt on the hand. The bite broke the skin on his hand and caused bleeding. Mr. Schmidt was eventually able to place [Appellant] in handcuffs and took her to the apprehension room in Macy's. After medics arrived, Mr. Schmidt was treated for the bite injury.

Trial Court Opinion, 1/23/25, at 2.

Following a bench trial, Appellant was found guilty of simple assault and, on November 12, 2024, the trial court sentenced Appellant to serve two years of probation for her conviction.[1] Appellant filed a timely notice of appeal. She raises one claim to this Court:

Whether the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Mr. Schmidt as required under 18 Pa.C.S.A. § 2701(a)(1)?

Appellant's Brief at 5.

Appellant claims that the evidence was insufficient to support her conviction for simple assault. We review Appellant's sufficiency of the evidence challenge under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Callen***, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

In relevant part, the crime of simple assault is defined in the following manner: "a person is guilty of assault if [she] . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). On appeal, Appellant claims that the evidence was insufficient to support her conviction because the Commonwealth failed to prove that Appellant attempted to cause, or caused, "bodily injury" to Mr. Schmidt. ***See*** Appellant's Brief at 12-16. This claim fails.

Pennsylvania's Crimes Code defines the term "bodily injury" as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. "[I]njuries that are 'trivial in nature,' 'noncriminal contact resulting from family stress and rivalries,' or a 'customary part of modern day living' do not satisfy this element." ***Commonwealth v. Wroten***, 257 A.3d 734, 744 (Pa. Super. 2021) (citation omitted). Moreover:

[To sustain a conviction for simple assault under Section 2701(a)(1), the] Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an

- 3 -

attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.

. . .

To show an "attempt" to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury. "A person acts intentionally with respect to a material element of an offense" if "it is his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S.A. § 302(b)(1)(i). . . . [T]his intent may be shown by circumstances which reasonably suggest that a defendant intended to cause bodily injury.

*Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa. Super. 1994) (some quotation marks, citations, and corrections omitted).

During trial, Mr. Schmidt testified that he is an Asset Protection Captain at Macy's and is trained to detect shoplifting in the store. *See* N.T. Bench Trial, 10/15/24, at 16. He testified that, at 8:20 p.m. on January 17, 2024, he was alerted that Appellant might have stolen a fragrance tester bottle. *Id.* at 15. As he testified, he observed Appellant "selecting multiple pieces of merchandise and not looking at the price, just throwing it over her shoulder or her hand. [She had] a huge pile, at which then she took the back wall and quickly went around the corner, exiting the store, passing all points of sale." *Id.* at 17. He testified that, as Appellant was leaving the store, he "approached her, identified [himself] with [his] Macy's identification card, and verbally [informed her] who [he] was." *Id.* In response, Appellant told Mr. Schmidt that "she was just trying to . . . go outside to look for her friend, who had her husband's credit card." *Id.*

Mr. Schmidt testified that Appellant "kept trying to get past me multiple times." *Id.* at 17-18. He testified:

> At that [point,] for the safety of myself and anybody, our customers or other colleagues that happened to be in the area, I decided to go ahead, and per our policy, we are to cuff. When attempting to put on the handcuff, the one handcuff I [thought was] successfully on. Reaching for the other hand, the one cuff came off. [Appellant] turned back around and bit me on my left hand. I don't know exactly the term, but its between your – right here. At that point, I was then able to successfully handcuff her, and we were able to walk back to the apprehension room without further incident from that point.

*Id.* at 18.

Mr. Schmidt testified that Appellant's bite "broke skin and there was blood." *Id.* Further, Mr. Schmidt testified that he was "able to recover the merchandise that [Appellant] had on her," including the missing fragrance bottle, which was "in her purse." *Id.* at 18 and 25.

Viewing this evidence in the light most favorable to the Commonwealth, the evidence is sufficient to establish that Appellant attempted to cause bodily injury to Mr. Schmidt. To be sure, the evidence demonstrates that Appellant was caught stealing merchandise from Macy's and, after Mr. Schmidt apprehended Appellant for stealing, Appellant bit Mr. Schmidt on the hand so hard that it drew blood, in an attempt to cause him "substantial pain" and allow for her to escape. *C.f. Commonwealth v. Santos*, 237 A.3d 1080 (Pa. Super. 2020) (non-precedential decision) at *2 (holding: "the jury was free to believe the sergeant's version of events and find that [the defendant]

intended to cause bodily injury to the sergeant while he was attempting to restrain him. Having reviewed the evidence, we find there was sufficient evidence to convict [the defendant] of simple assault for biting the sergeant [on the torso]").[2] Appellant's claim to the contrary thus fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/27/2026

---

[2] Under Pennsylvania Rule of Appellate Procedure 126, unpublished non-precedential decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).