J-S15010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.A., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.A., A MINOR | No. 1217 EDA 2016 |

Appeal from the Dispositional Order February 18, 2016
In the Court of Common Pleas of Lehigh County
Juvenile Division at No(s): CP-39-JV-0001058-2015

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 06, 2017**

A.A. appeals from the dispositional order adjudicating her delinquent for the commission of acts constituting, *inter alia*, aggravated assault.  We affirm.

The following facts were adduced at the adjudication hearing held January 14, 2016.  On November 6, 2015, A.A.'s high school held a pep rally in the school's gymnasium.  Mary Matzo, a teacher employed by Allentown School District, was present in her official capacity at that rally.  She was assigned to a supervisory position approximately twenty bleacher rows up from the floor.  As the rally drew to a close, several groups of students chanted at each other, and a number of students behind Ms. Matzo attempted to descend the steps to the floor to join the fray.  Ms. Matzo

instructed them to stop. A.A. pushed her from behind, and Ms. Matzo stumbled down the steps. She was unable to keep her balance and fell to the floor. As a result of the fall, she suffered pain in her neck, back, knee, and hip. At the time of the hearing, she had not returned to work.

Ms. Matzo got up from the floor, and accused A.A. of pushing her down the bleachers. A.A. moved towards Ms. Matzo and denied the accusation with profane language. Ms. Matzo demanded that A.A. provide her identification card, which students wore around their necks on a lanyard. A.A. refused to do so, and Ms. Matzo pulled the card in an attempt to separate the card from its breakaway clip. The card failed to separate, and Ms. Matzo tugged on the card. A.A. punched Ms. Matzo in the shoulder with a closed fist, which resulted in a bruised shoulder. Another teacher intervened and retrieved the identification card from A.A.

Appellant was adjudicated delinquent of aggravated assault, simple assault, and disorderly conduct. She filed a post-dispositional motion seeking reconsideration of the verdict, which was denied. She timely filed the instant appeal and complied with the juvenile court's order to file a concise statement of matters complained of on appeal. The matter is now ready for our review. Appellant raises one claim for our consideration:

> Was the circumstantial evidence insufficient to prove, beyond a reasonable doubt, that appellant attempted to cause or intentionally or knowingly caused bodily injury to any member of a protected class while in the performance of duty?

Appellant's brief at 4.

The standard of review we apply when examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency is well-settled:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In Interest of J.G.*, 145 A.3d 1179, 1188 (Pa.Super. 2016). The aggravated assault crime in question states:

> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
> . . .
>
>> (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

- 3 -

. . .

18 Pa.C.S. § 2702. Teaching staff members are listed as enumerated persons under subsection (c), and Appellant does not dispute that Ms. Matzo qualifies under that definition. 18 Pa.C.S. § 2702(c)(27). This particular aggravated assault crime is effectively a modified version of simple assault, 18 Pa.C.S. § 2701(a)(1).

> The only differences between assaults under § 2701(a)(1) and § 2702(a)(3) are that the latter applies when the assault is committed upon one of the persons enumerated in § 2702(c) in the performance of their duties and the latter does not allow for a *mens rea* of recklessness. Consequently, for purposes of defining the bodily injury component of these provisions, whether the assault is characterized as "simple" or "aggravated" has no bearing on our interpretation.

*Commonwealth v. Rahman*, 75 A.3d 497, 501 (Pa.Super. 2013) (quoting *Commonwealth v. Marti,* 779 A.2d 1177, 1182–83 (Pa.Super. 2001)).

Appellant's argument on appeal is largely confined to the applicable *mens rea*, and addresses the absence of recklessness from the statutory definition of § 2702(a)(3). Appellant concedes that she recklessly shoved Ms. Matzo and caused bodily injury, and, as a result, was guilty of simple assault. She disputes the sufficiency of the evidence establishing her guilt of aggravated assault.

In making this argument, Appellant separately addresses the bleacher and floor incidents.[1] First, with respect to the initial fall from the bleachers, Appellant argues that the evidence demonstrates that A.A. and several other juveniles pushed Ms. Matzo in a rush to leave the bleachers and get down the steps to join the general ruckus occurring in the gym following the rally. Second, regarding the incident on the floor, Appellant claims that the evidence shows that A.A. struck the victim only once and did not continue to attack after the card was removed by the other teacher. Therefore, Appellant maintains that she "did just enough to alleviate the pain from Ms. Matzo pulling on the lanyard," and therefore did not intend bodily injury. Appellant's brief at 11. Moreover, she avers that Ms. Matzo did not actually suffer bodily injury in any event, meaning that A.A. was guilty, at most, of summary harassment.

The juvenile court cited the floor incident as relevant to its finding that A.A. acted intentionally when she pushed Ms. Matzo down the bleachers, and we therefore first address that part of this incident. Appellant claims that she hit Ms. Matzo to stop the pain that she felt from Ms. Matzo pulling on her lanyard after the card failed to separate from its clip. This argument finds no support in the record aside from sheer speculation, as A.A. did not

_____

[1] The Commonwealth argued at the hearing that both incidents constituted aggravated assault.

testify. Moreover, assuming *arguendo* that Appellant did in fact act for that claimed purpose, her subjective motivation for striking Ms. Matzo does not negate the intentionality of her act.

***Commonwealth v. Richardson***, 636 A.2d 1195 (Pa.Super. 1994), aptly demonstrates this distinction. Therein, a police officer responded to a 911 dispatch and observed Richardson's girlfriend moaning at the top of a set of stairs, with Richardson standing over her. ***Id***. at 1195. As the officer climbed the stairs to investigate, Richardson's girlfriend fell down the steps and tumbled into the police officer. Richardson then descended the stairs while shouting profanities, and punched the officer in the face. After Richardson was convicted of simple assault, he alleged, *inter alia*, that the Commonwealth failed to prove his intent to injure the officer, because his punch "may have been an act stemming from grief, anger and/or frustration." ***Id***. at 1196 (quoting brief). We disagreed:

> We find this claim wholly devoid of merit. The trial court found credible the Commonwealth's evidence which demonstrated that Appellant, angered by the officer's conduct, ran to the officer, yelled "get out of here and go to hell," and reared his arm back and swung at the officer's face. From this evidence it was reasonable for the trial court to conclude that Appellant acted with an intent to cause bodily injury. Appellant's motivation for his conduct does not negate the fact that it was an intentional act.

***Id***. at 1196–97 (footnote omitted).

- 6 -

The same is true here.[2]   The juvenile court credited Ms. Matzo's testimony that Appellant punched her in the shoulder, and noted that A.A. used profanities and refused to provide her identification card when ordered to do so by Ms. Matzo.   The fact-finder could properly infer from these circumstances that Appellant's purpose in striking Ms. Matzo was to either inflict harm or to prevent Ms. Matzo from obtaining the identification card.

Furthermore, the juvenile court did not rely upon the floor incident to justify its findings, as the court did not find that the blow caused bodily injury or was intended to cause bodily injury.   "[I]t all hinges on what happened on the bleachers . . . . I'm not a hundred percent certain that bodily injury was sustained on the gym floor[.]"  N.T., Motion to Reconsider, 3/17/16, at 23-24.   Therefore, the juvenile court considered the floor incident as bearing on the earlier shove down the bleacher steps.

We now address the bleacher incident.  Appellant's assertion that her act was reckless is largely conditioned upon our accepting that she struck Ms. Matzo on the floor for a benign purpose, which we have rejected.  The juvenile court determined that, in light of all the circumstances, A.A.'s push on the bleachers was not reckless or accidental.

_____

[2] Appellant's claim appears to be a self-defense or justification masquerading as a sufficiency challenge.

We discern no error.  "As intent is a subjective frame of mind, it is of necessity difficult of direct proof.  Accordingly, we recognize that '[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.'" ***Commonwealth v. Matthews***, 870 A.2d 924, 929 (Pa.Super. 2006) (citations omitted).  Taking all reasonable inferences in favor of the Commonwealth as verdict winner, we find that the juvenile court could rely upon A.A.'s actions towards Ms. Matzo on the gym floor as circumstantial evidence of A.A.'s intent when she pushed Ms. Matzo on the bleachers.  As the juvenile court observed, A.A.'s subsequent attack on Ms. Matzo was inconsistent with an accidental or reckless push; A.A. could have simply complied with Ms. Matzo's request for the identification card or apologized.  Instead, A.A. engaged in defiant and assaultive behavior when confronted by Ms. Matzo.   When viewed in the light most favorable to the Commonwealth, we cannot find that this evidence "is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth." ***In Interest of J.G.***, ***supra***.

We now address Appellant's challenge to the element of bodily injury. Again, Appellant relies upon a finding that she did not intentionally push Ms. Matzo down the steps and directs her argument to the shoulder injuries sustained from the punch.  We agree with the juvenile court that the injuries suffered from the bleacher fall clearly constituted bodily injury and therefore

do not need to address whether or not Appellant caused or attempted to cause bodily injury when she punched the victim. Accordingly, the evidence sufficed to establish that A.A. intentionally pushed Ms. Matzo and caused bodily injury.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017