J-S65022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN C. DAVENPORT, JR. | |
| Appellant | No. 296 MDA 2018 |

Appeal from the Judgment of Sentence imposed January 2, 2018
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0001715-2017

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED JANUARY 07, 2019**

Appellant, Kevin C. Davenport, Jr., appeals from the judgment of sentence imposed on January 2, 2018 in the Court of Common Pleas of Cumberland County following his conviction of simple assault, 18 Pa.C.S.A. § 2701(a)(1). Appellant contends the evidence was insufficient to support his conviction and the verdict was against the weight of the evidence. Upon review, we affirm.

In its Rule 1925(a) opinion, the trial court summarized the facts of this case as follows:

> On May 13, 2017, expectant mother, Akeya Brock, entered the Carlisle Borough Police Department to report that she had been assaulted by [Appellant], her boyfriend. She told Patrolman Mayer that [Appellant] held her to the floor face-down after she fell in the midst of a heated argument. She stated that while [Appellant] held her on the ground, he squeezed her face so hard with his hand that her cheeks were gashed inside and out by her

teeth and his nails. He also punched her several times. Patrolman Mayer took photographs of her injuries, which were later shown to the jury. Ms. Brock provided him with a sworn, written statement of the events before leaving the police department. [Appellant] was charged with simple assault.

At trial, the Commonwealth called Ms. Brock as a witness. Contrary to her sworn, written statement, she testified that [Appellant] had merely helped her up after she fell during an argument. She explained that the injuries to her face occurred when she resisted his help. She stated that she had blacked out when she fell. She could not recall anything until the point where his finger was in her mouth and she was biting him. She stated that [Appellant] left right after they got up. She then went to her grandmother's house. She and her grandmother then went to the police department together where she gave her statement to Patrolman Mayer.

In light of Ms. Brock's testimony at trial, the Commonwealth asked her to read aloud her sworn statement of May [13], 2017. She read from the Commonwealth's Exhibit 1 as follows:

> I came home around 5:30 to our bedroom being trashed. Clothes, bed, everything on the—everything on the room [*sic*]. I walked into the living room to ask why he did that. He told me to leave him alone. I kept asking why. He started to get his coat and walked away, asking where his bottle was—where his bottle is, so I followed him into the living room continuing to ask why he is acting like he is. He slapped me and told me—told me to leave alone—told me to leave him alone. He went into the bedroom, and I followed him, where I fell. He got on top of me—got on top of me on my back and squeezed my cheeks together so hard my teeth and his nails—my teeth and his nails cut my cheek. He got up, and so did I. I went into the kids' room to ask my stepson to get dressed and to not be like his dad. That's when [Appellant] came into the bedroom, the kids' room and continued to hit me, telling [my stepson] this is how you be. He punched me about three times and then left the apartment.

After the trial, the jury deliberated and returned a verdict of guilty on the charge of simple assault.

Trial Court Rule 1925(a) Opinion, 5/10/18, at 1-3 (footnotes, including footnotes with references to notes of testimony, omitted).

On January 2, 2018, the trial court sentenced Appellant to a term of not less than six months nor more than twenty-three months in the Cumberland County Prison, with credit for two days previously served. The court authorized immediate work release and determined Appellant was eligible for a reentry plan. After the trial court denied Appellant's post-sentence motion, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this appeal, Appellant asks us to consider two issues:

I.      Was the evidence presented at trial sufficient to sustain a conviction for simple assault when the Commonwealth failed to present evidence that [Appellant] intentionally, knowingly, or recklessly caused bodily injury to Ms. Brock?

II.     Was the jury's verdict against the weight of the evidence so as to shock one's sense of justice when Ms. Brock testified that she was not assaulted by [Appellant]?

Appellant's Brief at 5.

In his first issue, Appellant argues the evidence was insufficient to support his conviction of simple assault. Our Supreme Court has explained:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Commonwealth v. Ratsamy,* 934 A.2d 1233, 1235-36 (Pa. 2007) (emphasis in original) (citations and quotation marks omitted). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Id.* at 1237 (citation omitted).

By definition, a person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). The gist of Appellant's sufficiency argument is that the evidence did not support a finding that Ms. Brock sustained "bodily injury" as that term is defined in 18 Pa.C.S.A. § 2301, *i.e.,* "impairment of physical condition or substantial pain."

Appellant fails to appreciate that simple assault does not require actual bodily injury. "It is well-settled that '[t]he Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury.'" *Commonwealth v. Duck*, 171 A.3d 830, 835 n.4 (Pa. Super. 2017) (quoting *Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa. Super. 1994) (citations omitted)).

The trial court properly charged the jury on the elements of simple assault, instructing:

> There are two possible ways of committing a simple assault. One is to attempt to cause bodily injury and one is actually causing bodily injury. So, either one of those, if you find that he did either one of those beyond a reasonable doubt, then you may find him guilty. If you do not find that either one was proven beyond a reasonable doubt, then you must find him not guilty.

Notes of Testimony, Trial, 10/31/17, at 38.

The trial court determined that the jury could "reasonably infer from the victim's statement that [Appellant's] actions toward her amounted to an intentional attempt to cause bodily injury." Trial Court Rule 1925(a) Opinion, 5/10/18, at 4. Viewing the evidence in the light most favorable to the Commonwealth, we find the evidence was sufficient for the jury, as fact finder, to reach that conclusion.

In support of his position, Appellant relies on *Commonwealth v. Kirkwood*, 520 A.2d 451 (Pa. Super. 1987), in which this Court determined that the evidence was insufficient to support a simple assault conviction. In *Kirkwood*, the victim claimed she was injured by Kirkwood's aggressive dancing. We determined that the victim's bruises and slight cuts on her arms and knees did not constitute sufficient bodily injury to sustain a simple assault conviction because "temporary aches and pains brought about by strenuous, even violent, dancing are an inadequate basis for imposing criminal liability upon a dance partner for assault." *Id.* at 454.

We find the facts of the case before us dissimilar to those in *Kirkwood* and more like those in *Duck*, where a verbal argument also turned into a

- 5 -

physical altercation. There, the victim sustained lacerations to his head and arm. In **Duck**, we determined:

> Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, the victim in the instant case did not suffer a "temporary hurt" resulting from a "trivial contact" as occurred in **Kirkwood**. Rather, the victim suffered a visible injury to his head as a result of being pushed "really hard" or "slammed to the floor" during a verbal argument. It cannot be viewed in any sense as "trivial" social contact as was the, albeit aggressive, dancing in **Kirkwood**.

**Duck**, 171 A.3d at 837.

Finding the evidence sufficient to support Appellant's conviction, the trial court observed:

> In the instant case, the Commonwealth's exhibits, including the victim's sworn statement and photographs, were sufficient to sustain the conviction. The jury could reasonably infer that the injuries shown in the pictures caused the victim substantial pain. It could also reasonably infer from the victim's statement that [Appellant's] actions toward her amounted to an intentional attempt to cause bodily injury.

Trial Court Rule 1925(a) Opinion, 5/10/18, at 3-4.

Whether based on the attempt to cause bodily injury or on the actual infliction of bodily injury, we conclude, as did the trial court, the evidence was sufficient to support the simple assault conviction. Appellant's first issue fails.

Appellant next argues that the verdict was against the weight of the evidence. Our Supreme Court has explained:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751–52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be

granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ***Widmer***, 560 Pa. at 319–20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Id.*** at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Brown***, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Brown**,* 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Widmer***, 560 Pa. at 321–22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed

> to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.
>
> ***Widmer***, 560 Pa. at 322, 744 A.2d at 753 (quoting ***Coker v. S.M. Flickinger Co.***, 533 Pa. 441, 447, 625 A.2d 1181, 1184–85 (1993)).

***Commonwealth v. Clay***, 64 A/3d 1049, 1054-55 (Pa. 2013).

In rejecting Appellant's weight of the evidence claim, the trial court

explained:

> When passing on the credibility of the witnesses in this case, the jury was free to accept all, some, or none of the testimony presented. Concerning Ms. Brock, she gave two versions of the events. The jury was free to choose between the sworn statement Ms. Brock made to the police on the day of the offense and her statements made at trial. Clearly, the jury chose to believe that Ms. Brock was truthful in her sworn statement to Patrolman Mayer. In the same vein, it chose not to believe her statements at trial that she was hurt accidentally.
>
> The fact that the jury chose to believe the sworn statements of Ms. Brock at trial does not require a finding that the conviction was against the weight of the evidence. [Appellant's] conviction, based on the evidence at trial, did not shock our sense of justice.

Trial Court Rule 1925(a) Opinion, 5/10/18, at 5.[1]

---

[1] We note that Ms. Brock's written statement was properly considered by the jury. As our Supreme Court has recognized, a prior inconsistent statement may be used as substantive evidence if the statement had been reduced to a writing signed and adopted by the witness. ***See Commonwealth v. Brown***, 52 A.3d 1139, 1154 (Pa. 2012) (citing ***Commonwealth v. Lively***, 610 A.2d 7, 10 (Pa. 1992)).

- 8 -

We find no abuse of discretion in the trial court's determination. Appellant is not entitled to relief on his weight of the evidence claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2019